UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTONIO M. JACKSON, Petitioner | CIVIL ACTION NO. 5:19-CV-665-P |
| VERSUS | JUDGE DEE D. DRELL |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) filed by *pro se* Petitioner Antonio M. Jackson ("Jackson") (#363999). Jackson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Jackson challenges his sentence imposed in the First Judicial District Court, Caddo Parish.

Because Jackson cannot show he is in custody in violation of the Constitution, laws, or treaties of the United States, or that the state courts' decisions were: (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented, Jackson's Petition (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

The facts and procedural history were summarized by the Louisiana Second Circuit Court of Appeal as follows:

In 1994, the defendant and two accomplices committed an armed robbery, during the course of which two victims were killed.[1] At the time of the offenses, the defendant was 17 years old. He was convicted of one count of manslaughter, for which he was sentenced to 40 years at hard labor, and one count of second degree murder, for which he received the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The sentences were ordered to be served consecutively. This court affirmed his convictions and sentences in State v. Jackson, 29,470 (La. App. 2 Cir. 8/20/97), 707 So.2d 990.

In Miller v. Alabama, supra, the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. The Miller court did not establish a categorical prohibition against life without parole for juvenile homicide offenders; instead, the case required the sentencing court to consider certain factors, including the offender's youth, before deciding whether to impose life with or without parole.

Following the Miller decision, the defendant filed a pro se motion to correct illegal sentence in August 2012. Relying upon the principles of State v. Craig, 340 So.2d 191 (La. 1976),[2] he argued that he should be resentenced to no more than 40 years at hard labor. Counsel was appointed to assist the defendant. The motion was denied in December 2013.

In 2013, the Louisiana Legislature enacted La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) to address cases under Miller. The former required district courts to conduct a hearing to determine parole eligibility, while the latter provided conditions under which juvenile homicide offenders could become eligible for parole consideration. In 2016, the United States Supreme Court, in Montgomery v. Louisiana, supra, held that Miller applied retroactively to defendants whose convictions and sentences were final prior to the decision in Miller.

---

[1] One of the victims was shot by either the defendant or his uncle. Both denied killing the victim. Although the defendant claimed to have been hiding at the time of the shooting, his palm prints were found near that victim's body.

[2] In State v. Craig, supra, the Louisiana Supreme Court held that the mandatory death sentence for aggravated rape was unconstitutional and that the appropriate remedy to correct an illegal sentence was to remand the case for resentencing of the defendant to the most serious penalty for the next lesser included offense. In the instant case, the defendant argues that the next lesser included offense for which parole is available is manslaughter and that it carries a maximum sentence of 40 years.

In May 2016, the defendant filed another pro se motion to correct illegal sentence. He again urged the Craig solution. At a hearing on June 21, 2016, the motion was denied, as was the defendant's request for appointment of counsel. However, to bring the defendant's sentence in compliance with Miller, the trial court vacated his sentence on the second degree murder conviction and imposed a sentence of life without the possibility of probation or suspension. Because it was unable to articulate adequate grounds for consecutive sentences and also to enhance the defendant's opportunity for parole eligibility in conformity with Miller, the court further ordered that this sentence be served concurrently with the defendant's sentence for manslaughter.

On remand in the Montgomery case, the Louisiana Supreme Court issued a *per curiam* decision on June 28, 2016, in which it directed lower courts to conduct hearings at which La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) were applied to determine whether to impose life imprisonment with or without parole eligibility. See State v. Montgomery, supra.

In July 2016, the defendant filed a pro se notice of appeal, as well as a motion for appointment of counsel, which was granted.

In August 2016, the defendant filed a pro se motion to reconsider sentence, in which he alleged violations of the *ex post facto* and due process clauses. The trial court issued a written ruling denying the motion.

On September 27, 2016, the defendant and appointed counsel appeared for a hearing on another motion to reconsider sentence. The trial court granted the motion, vacated the sentence imposed in June 2016, and set the matter for resentencing on October 26, 2016. At that subsequent hearing, following the guidelines set forth by the Louisiana Supreme Court in State v. Montgomery, supra, the trial court again imposed a life sentence without the benefit of probation or suspension of sentence, but with the possibility of parole. It also ordered the defendant's sentences to run concurrently. In November 2016, both the defendant, proceeding pro se, and defense counsel filed motions to reconsider sentence, which were denied by a written ruling in December 2016.

3

State v. Jackson, 51,527 (La.App. 2 Cir. 8/9/17); 243 So.3d 1093, writ denied, 2017-1540 (La. 5/25/18); 243 So.3d 565.

Jackson appealed, claiming that his sentence was unconstitutional. The appellate court affirmed the conviction and sentence, and the Louisiana Supreme Court denied writs. Id.

II. Law and Analysis

A. Rule 8(a) Resolution

The Court is able to resolve Jackson's § 2254 Petition without the necessity of an evidentiary hearing because there are no genuine issues of material fact relevant to Jackson's claims, and the state court records provide an adequate factual basis. See Moya v. Estelle, 696 F.2d 329, 332-33 (5th Cir. 1983); Easter v. Estelle, 609 F.2d 756, 761 (5th Cir. 1980); Rules Governing Section 2254 Cases.

B. Standard of Review

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo review of factual findings and substitute its own opinions for the determinations made by the trial judge. See Davis v. Ayala, 135 S. Ct. 2187, 2202 (2015) (citing Harrington v. Richter, 562 U.S. 86, 102–03 (2011)).

Under § 2254 and the AEDPA, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885 (2001).

Therefore, § 2254(d) demands an initial inquiry into whether a prisoner's claim has been "adjudicated on the merits" in state court; if it has, the AEDPA's highly deferential standards apply. See Davis, 135 S. Ct. at 2198 (citing Richter, 562 U.S. at 103).

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. See Martin, 246 F.3d at 476; see also Rivera v. Quarterman, 505 F.3d 349, 356 (5th Cir. 2007), cert. den., 555 U.S. 827 (2008).

A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was

objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable. See Martin, 246 F.3d at 476. An unreasonable application is different from an incorrect one. See Bell v. Cone, 535 U.S. 685, 694 (2002). When a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable. See Mitchell v. Esparza, 540 U.S. 12, 18 (2003); see also Davis, 135 S. Ct. at 2199 (citing Fry v. Pliler, 551 U.S. 112, 119 (2007)).

### C. There was no unreasonable application of federal law as to Jackson's claims.

Jackson argues that the sentence of life with parole eligibility violates the Fifth Amendment protection of "fair notice" because he was entitled to fair notice that he would be sentenced to life with parole after a fixed number of years under La. R.S. 14:30.1. (Doc. 1-2, p. 15). Jackson states that, when the offense was committed, "the Louisiana Legislature unambiguously informed Mr. Jackson that second degree murder was punishable by life imprisonment without parole, probation or suspension of sentence." (Doc. 1-2, pp. 13-14). Jackson claims that this penalty "remains in effect today" and that he has "never been afforded a legislatively prescribed penalty." (Doc. 1-2, p. 14).

Jackson was not deprived of fair notice regarding the new penalties for juvenile offenders. After Montgomery v. Louisiana, 136 S.Ct. 718 (2016), where the Supreme

6

Court held that Miller v. Alabama, 567 U.S. 460 (2012)[3] applied retroactively, Jackson was afforded two hearings with appointed counsel. Additionally, the state court found that Jackson "was not deprived of fair warning that his conduct would constitute criminal behavior," nor was Jackson prejudiced because "his potential sentence was not made more severe by the application of La. R.S. 15:574.4(E)." Jackson, 243 So.3d at 1099 (citing State v. Shaw, 51,325 (La. App. 2 Cir. 5/17/17), 223 So.3d 607). Jackson cannot show that the state court's decision regarding fair notice was contrary to or involved an unreasonable application of Supreme Court law.

Jackson claims that he was entitled to an individualized sentence and had a right to present mitigatory factors announced in Miller. (Doc. 1-2). As the appellate court summarized, Miller provided that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, a sentencing court's obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a sentence of life, or its equivalent, without parole. Jackson 243 So.2d at 1100. "A state may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." Jackson, 243 So.3d at 1096 (citing Montgomery, 136 S.Ct. at 736). Such a solution is provided for in the Louisiana statutes, which have withstood scrutiny. Jackson, 243

---

[3] In Miller, the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders.

So.3d at 1098 (citing State v. Fletcher, 49,303 (La. App. 2 Cir. 10/1/14), 149 So.3d 934, writ denied, 2014-2205 (La. 6/5/15), 171 So.3d 945, cert. denied, 136 S.Ct. 254 (2015)). Therefore, Jackson did not have a right to present mitigating factors, and he cannot show an unreasonable application of federal law by the Louisiana courts.

Jackson also contends that applying La. R.S. 15:574.4(E) in resentencing a defendant pursuant to Miller violates the ex post facto clause. Article I, § 10 of the United States Constitution and La. Const. art. I, § 23 prohibit ex post facto application of the criminal law by the state. The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. Id. at 1099 (citing State v. Williams, 2000-1725 (La. 11/28/01), 800 So.2d 790 and State ex rel. Olivieri v. State, 2000-0172 (La. 2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936 (2001)). The appellate court found that the application of La. R.S. 15:574.4(E) in the instant matter did not violate the ex post facto clause, and this finding was not an unreasonable application of federal law. Jackson's sentence is less burdensome because he is now eligible for parole when he was not previously eligible.

The state court sentenced Jackson to life with the possibility of parole, which is all that is required by federal law following Miller and Montgomery. Allowing Jackson to be considered for parole ensures that, to the extent Jackson's crime "reflected only transient immaturity"—and to the extent he has since matured—Jackson will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment. See Montgomery v. Louisiana, 136 S.Ct. at 736.

### III. Conclusion

Because Jackson cannot show he is in custody in violation of the Constitution, laws, or treaties of the United States, or that the state courts' decisions were contrary to or involved an unreasonable application of clearly established federal law or were based on an unreasonable determination of the facts in light of the evidence presented, IT IS RECOMMENDED that the Petition (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __11th__ day of July, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge